UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

THOSE CERTAIN UNDERWRITERS AT
LLOYD'S LONDON SUBSCRIBING TO
POLICY NO.: B0501 HF10AAZT 999 a/s/o
ESTATE OF DAVID SMITH,

                        Plaintiff,

    -against-

ART CRATING, INC., MASTERPIECE
INTERNATIONAL, LTD., ABC COMPANIES
1-5 (said corporations being fictitious, the true
names unknown, responsible for the design of the
crate used to transport Horizontal 9/4/52), ABC
COMPANIES 6-10 (said corporations being
fictitious, the true names unknown, said
corporations being responsible for the packing,
repacking, crating and re-crating of Horizontal
9/4/52), JOHN DOES 1-10 (said names being
fictitious, the true names unknown, said persons
being employees, agents or individuals
responsible for the design of the crate used to
transport Horizontal 9/4/52), and JOHN DOES
11-20 (said names being fictitious, the true names
unknown, said persons being employees, agents or
individuals responsible for the packing, repacking,
crating and re-crating of Horizontal 9/4/52),

                        Defendants.
---------------------------------------------------------------X

ART CRATING, INC.,

                      Third-party Plaintiff,

    -against-

DELTA AIR LINES, INC.,

                      Third-party Defendant.
---------------------------------------------------------------X

**ORDER**

**12-CV-5078 (NGG) (VMS)**

NICHOLAS G. GARAUFIS, United States District Judge.

1

Plaintiff Those Certain Underwriters at Lloyd's London Subscribing to Policy No.: B0501 HF10AAZT 999 a/s/o Estate of David Smith ("Lloyd's") brought this action in the Supreme Court of New York, Kings County, on September 4, 2012. (Not. of Removal & Verified Compl. (Dkt. 1).) Lloyd's had insured the risk of loss and damage to a sculpture created by the late American sculptor David Smith and currently owned by his Estate ("the Sculpture"). (Verified Compl. at ¶ 8.) Plaintiff alleged that damage to the Sculpture in transport from New York City to Valencia, Spain, where it was to be exhibited, was due to negligence on the part of a number of Defendants: Art Crating, Inc. ("Art Crating"); ABC Companies 1-5, fictitious names for unknown corporations responsible for the design of the crate used the transport the Sculpture; ABC Companies 6-10, fictitious names for unknown corporations responsible for the packing, re-packing, crating, and re-crating of the Sculpture; John Does 1-10, fictitious names for unknown employees, agents, or individuals responsible for the design of the crate used to transport the Sculpture; and John Does 11-20, fictitious names for unknown employees, agents, or individuals responsible for the packing, re-packing, crating, and re-crating of the Sculpture. (Id. ¶¶ 3-7.) Plaintiff added Masterpiece International, Ltd. ("Masterpiece") as a Defendant in its Verified Amended Complaint filed in state court October 5, 2012.

On October 10, 2012, Art Crating removed this action to this court, pursuant to 28 U.S.C. § 1446 (Not. of Removal), and subsequently filed its Answer, asserting crossclaims against all other Defendants. (Answer (Dkt. 4).) On December 20, 2012, Art Crating filed a Third-party Complaint against Delta Air Lines, Inc. ("Delta"), alleging that Delta was liable for contribution to or indemnification of Art Crating for any damages award that Plaintiff may recover, plus costs. (Third-party Compl. (Dkt. 11) ¶¶ 12-13.)

On April 2, 2013, Plaintiff filed a Motion to Remand the action to state court. (Mot. to Remand (Dkt. 25).) Delta then filed a Motion to Sever on April 4, 2013, requesting that the third-party action be severed and remain before the court pursuant to Federal Rule of Civil Procedure 14(a)(4) regardless of the resolution of Plaintiff's Motion to Remand. (Mot. to Sever & Stay (Dkt. 26).) Delta also requested that the third-party action be stayed pending the outcome of the first-party action. (Id.)

The court referred the Motion to Remand and the Motion to Sever to Magistrate Judge Vera M. Scanlon for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (Nov. 5, 2013, Order; Nov. 14, 2013 Order.) On December 16, 2013, Judge Scanlon issued her R&R, recommending that Plaintiff's Motion to Remand be granted and Delta's Motion to Sever be denied as moot. (R&R (Dkt. 31).)

No party has objected to Judge Scanlon's R&R, and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). (See also R&R at 45 ("Written objections to this Report and Recommendation must be filed within fourteen days of service of this Report . . . . Failure to file objections within the specified time waives the right to appeal.") (citations omitted).) Therefore, the court reviews the R&R for clear error. See Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); cf. 28 U.S.C. § 636(b)(1). Finding no clear error, the court ADOPTS IN FULL the R&R. See Porter v. Potter, 219 F. App'x 112 (2d Cir. 2007).

Accordingly, Plaintiff's Motion to Remand is GRANTED, Delta's Motion to Sever and Stay is DENIED, and the entire action is REMANDED to the Supreme Court of New York,

3

Kings County. The Clerk of Court is directed to immediately send a certified copy of this Order to the Clerk of Civil Court of the City of New York, County of Kings, 120 Schermerhorn Street, Brooklyn, New York and to close the case in this court. 28 U.S.C. § 1447(c).

SO ORDERED.

Dated: Brooklyn, New York
      January 9, 2014

s/Nicholas G. Garaufis
/ NICHOLAS G. GARAUFIS
United States District Judge